Rev. 4/18

UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT
**CIVIL APPEAL STATEMENT**

*Please TYPE.    Attach additional pages if necessary.*

11th Circuit Docket Number: 26-11603-E

| Caption:<br>Ryan Pasley vs. Mercedes-Benz U.S. International, Inc. | District and Division: N.D. Ala. Western Div.<br>Name of Judge: Edmund G. LaCour, Jr.<br>Nature of Suit: Employment Discrimination |
|---|---|
| | Date Complaint Filed: 8-1-2024<br>District Court Docket Number: 7:24-cv-01050-EGL |
| | Date Notice of Appeal Filed: 05/07/2026<br>☐Cross Appeal   ☐Class Action |
| | Has this matter previously been before this court?<br>☐Yes ☑No<br>If Yes, provide<br>(a)   Caption: _____<br>(b)   Citation: _____<br>(c)   Docket Number: _____ |

| | Attorney Name | Mailing Address | Telephone, Fax, Email |
|---|---|---|---|
| For Appellant:<br>☑ Plaintiff<br>☐ Defendant<br>☐ Other (Specify) | Leslie Palmer | 2 North 20th Street<br>Suite 900<br>Birmingham, AL 35203 | (205) 285-3050<br><br><br>leslie@palmerlegalservices.com |
| For Appellee:<br>☐ Plaintiff<br>☑ Defendant<br>☐ Other (Specify) | Michael L. Lucas<br>Joe Barnello | 420 North 20th Street<br>3400 Shipt Tower<br>Birmingham, AL 35203 | (205) 251-3000<br><br><br>mlucas@burr.com<br>jbarnello@burr.com |

*Please CIRCLE/CHECK/COMPLETE the items below and on page 2 that apply.*

| Jurisdiction | Nature of Judgment | Type of Order | Relief |
|---|---|---|---|
| ☑ Federal Question<br><br>☐ Diversity<br><br>☐ US Plaintiff<br><br>☐ US Defendant | ☑ Final Judgment,<br>28 USC 1291<br><br>☐ Interlocutory Order,<br>28 USC 1292(a)(1)<br><br>☐ Interlocutory Order Certified,<br>28 USC 1292(b)<br><br>☐ Interlocutory Order,<br>Qualified Immunity<br><br>☐ Final Agency Action (Review)<br><br>☐ 54(b) | ☐ Dismissal/Jurisdiction<br><br>☐ Default Judgment<br><br>☑ Summary Judgment<br><br>☐ Judgment/Bench Trial<br><br>☐ Judgment/Jury Verdict<br><br>☐ Judgment/Directed Verdict/NOV<br><br>☐ Injunction<br><br>☐ Other _____ | Amount Sought by Plaintiff:<br>$_____<br><br>Amount Sought by Defendant:<br>$_____<br><br>Awarded:<br>$_____<br>to _____<br><br>Injunctions:<br>☐ TRO<br>☐ Preliminary   ☐ Granted<br>☐ Permanent   ☐ Denied |

Page 2                                                                 11th Circuit Docket Number:  26-11603-E

Based on your present knowledge:

(1)     Does this appeal involve a question of First Impression?     ☐ Yes     ☑ No
        What is the issue you claim is one of First Impression? _____

(2)     Will the determination of this appeal turn on the interpretation or application of a particular case or statute?     ☐ Yes     ☑ No

        If Yes, provide
        (a)  Case Name/Statute _____
        (b)  Citation _____
        (c)  Docket Number if unreported _____

(3)     Is there any case now pending or about to be brought before this court or any other court or administrative agency that
        (a)  Arises from substantially the same case or controversy as this appeal?     ☐ Yes     ☑ No
        (b)  Involves an issue that is substantially the same, similar, or related to an issue in this appeal?     ☐ Yes     ☑ No

        If Yes, provide
        (a)  Case Name _____
        (b)  Citation _____
        (c)  Docket Number if unreported _____
        (d)  Court or Agency _____

(4)     Will this appeal involve a conflict of law
        (a)  Within the Eleventh Circuit?     ☐ Yes     ☑ No
        (b)  Among circuits?     ☐ Yes     ☑ No

        If Yes, explain briefly:

(5)     Issues proposed to be raised on appeal, including jurisdictional challenges:
        Please see attached

I CERTIFY THAT I SERVED THIS CIVIL APPEAL STATEMENT ON THE CLERK OF THE U.S. COURT OF APPEALS FOR THE ELEVENTH CIRCUIT AND

SERVED A COPY ON EACH PARTY OR THEIR COUNSEL OF RECORD, THIS _26th_____ DAY OF _May_____, _2026_____.

_Leslie Palmer_

Leslie Palmer
_____                    _____
        NAME OF COUNSEL (Print)                                    SIGNATURE OF COUNSEL

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

---

## DOCKET NO.: 26-11603-E

---

RYAN PASLEY,
PLAINTIFF – APPELLANT,

v.

MERCEDES-BENZ U.S. INTERNATIONAL, INC.,
DEFENDANT – APPELLEE,

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA OF ALABAMA
DISTRICT COURT CIVIL ACTION NO.: 7:24-CV-01050-EGL

---

## CIVIL APPEALS STATEMENT - ATTACHMENT

---

COUNSEL FOR APPELLANT:
Leslie Palmer
Palmer Law, LLC
2 North 20th Street
Suite 900
Birmingham, AL 35203
Phone: (205) 285-3050
leslie@palmerlegalservices.com

## Issues on Appeal

1. Whether the court erred by finding Plaintiff failed to exhaust his ADA claims when his EEOC intake discussed his disability and he amended his pro se charge during the investigation to include the claim.

2. Whether the court erred by imputing the EEOC's error in limiting the original charge against Plaintiff when he amended the charge during the investigation, the employer received notice, and the employer had ample opportunity to conciliate, investigate, and respond before the investigation closed.

3. Whether the district court erred by applying a relation back theory to an EEOC charge that Plaintiff amended during the original open investigation – before any judicial complaint was filed.

4. Whether the district court erred by dismissing the ADA claims under a failure to exhaust theory when during oral arguments the court indicated it would not rely on that theory.

5. Whether the district court erred in determining the reasonable scope of the EEOC investigation cannot include the actual investigation and intake notes taken and maintained by the EEOC.

6. Whether the district court erred when it found Plaintiff had not demonstrated a disability that substantially limited his major life activities despite the evidence of medical records supporting major depressive disorder that substantially limited his major life activities and caused significant time off work.

7. Whether the district court erred by sua sponte expanding and filling in the gaps on Defendant's disability arguments focusing on frequency and severity where Defendant did not raise that argument and Plaintiff was not afforded an opportunity to respond.

8. Whether the district court erred in granting summary judgment on Plaintiff's Title VII and 42 U.S.C. § 1981 claims for race discrimination by

disregarding relevant facts as irrelevant to certain actions and viewing the facts in favor of the Defendant instead of considering the totality of all evidence related to race.

9.  Whether the district court erred in granting summary judgment on Plaintiff's Title VII and 42 U.S.C. § 1981 retaliation claims by disregarding evidence that the supervisors knew of the protected activity and otherwise viewing evidence in favor of Defendant.

10. Whether the district court erred by applying a heightened standard for adverse actions in Plaintiff's Title VII and 42 U.S.C. § 1981 discrimination claims and disregarding or limiting Plaintiff's evidence of harm.

11. Whether the district court erred by viewing the evidence in favor of Defendant and excluding evidence that would dissuade a reasonable employee in Plaintiff's position from making complaints under his Title VII and 42 U.S.C. § 1981 retaliation claims.

12. Whether the district court erred by limiting Plaintiff's evidence of race discrimination through application of the *McDonnell Douglas* burden shifting framework, prima facie elements, and comparators, then using the limited evidence to find Plaintiff had not established a circumstantial case of race discrimination or retaliation.

13. Whether the district court erred by failing to consider Plaintiff's race retaliation claims as a circumstantial case – without the use of *McDonnell Douglas*.